UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES W. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:25-CV-194-PPS-JEM |
| | ) |
| FORD MOTOR CREDIT COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for a Temporary Restraining Order and Permanent Injunction. [DE 19]. On June 11, 2025, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Permanent Injunction requesting the Court enjoin the Defendant from the "wrongful repossession of Plaintiff's car" and a "[v]iolation of the Privacy by sharing [his] personal information with a third Party, and Breaching of the Peace." [DE 19 at 1]. On June 12, 2025, Defendant filed a response to Plaintiff's emergency motion. [DE 21]. The Court promptly set a telephonic hearing and on June 13, 2025, heard argument on the motion. [DE 20]. Each party was given time to present argument on the motion at the hearing. After hearing from both parties, I determined that Plaintiff failed to show irreparable harm and a likelihood of success on the merits and was not entitled to the extraordinary remedy of a TRO. [*See* DE 23].

Injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary and drastic" remedy that should only be granted upon a clear showing of need. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To show entitlement to a temporary restraining order (TRO), a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the TRO is not granted. *Badger Daylighting Corp. v. Rutherford*, 2024 WL 3318251, at *2 (S.D. Ind. June 3, 2024).

As discussed during the hearing, Plaintiff's car was recently repossessed by Defendant Ford Motor Credit Company (FMCC). Under Indiana law, FMCC may repossess Mr. Dixon's car as long as it can do so without breaching the peace. *See*, Ind. Code § 26-1-9.1-609(b)(2). Plaintiff has made no argument that FMCC breached the peace in its repossession of the car. Plaintiff has also failed to show that he has no adequate remedy at law to address the repossession of his car and that his harm is irreparable. As explained during the hearing and in the Defendant's response brief, Mr. Dixon can pursue various tort actions to address a wrongful repossession of his car or any breaches of his privacy. [DE 21 at 3]. Moreover, Mr. Dixon has not shown a likelihood of success on the merits of the case. Mr. Dixon has not presented any evidence showing that he has paid off the balance of his car loan and that Defendant has engaged in abusive and unfair debt collection practices despite his payment of the loan balance.

2

**ACCORDINGLY**:

Plaintiff's Emergency Motion for a Temporary Restraining Order and Permanent Injunction [DE 19] is **DENIED**.

**SO ORDERED**.

ENTERED: June 13, 2025.

                                          /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT