UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES W. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:25-CV-194-PPS-JEM |
| | ) |
| FORD MOTOR CREDIT COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Ford Motor Credit Company's Motion for Judgment on the Pleadings. [DE 15]. For the reasons discussed below, the instant motion will be granted.

### Background

On April 29, 2025, Plaintiff Charles Dixon, proceeding pro se, filed the complaint in this case. [DE 1]. In his complaint, Dixon alleges that he executed a promissory note with Ford Motor Credit Company ("FMCC") and that "[d]espite full settlement of the obligation Defendants engaged in aggressive collection tactics" including reporting inaccurate balances to credit reporting agencies, filing unlawful foreclosure or debt collection actions, and demanding payment on a debt already settled. [DE 1 at 5]. Mr. Dixon's complaint alleges three counts. Count 1: Violation of 12 U.S.C. §503 Liability of Bank Officers and Directors alleges that FMCC has engaged in unlawful financial transactions and has failed to correctly credit Plaintiff's account. [*Id.* at 5]. Count 2:

Violation of 18 U.S.C. §1005 False Bank Entries & Fraudulent Transactions alleges that FMCC has falsified banking records by misrepresenting its ownership of Plaintiff's obligation. [*Id*. at 6]. Count 3: Unjust Enrichment & Fraudulent Conversion alleges that FMCC has "unlawfully converted Plaintiff's asset into an investment vehicle failing to disclose financial gain." [*Id*.]

Because Mr. Dixon requested leave to proceed in forma pauperis, I screened his complaint before allowing it to proceed. [*See* DE 3]. In my order screening his complaint, I noted that Dixon has alleged a violation of three federal statutes none of which are applicable to his factual allegations. However, Dixon's complaint boils down to an allegation that FMCC has engaged in aggressive debt collection practices for a debt which has already been settled. Because Dixon is proceeding pro se I liberally construed his complaint as alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). [DE 3 at 3].

FMCC has now filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) requesting an entry of judgment in its favor. [DE 15].

## Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss

2

for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg.*, LLC, 377 F.3d 795, 798 (7th Cir. 2004). On a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). When ruling on a 12(c) motion for judgment on the pleadings, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## Discussion

The primary argument in FMCC's Motion for Judgment on the Pleadings is that it cannot be held liable under the FDCPA for attempting to collect a debt it was owed. [DE 15 at 1]. FMCC aptly points out that in order to state a claim against a defendant under the FDCPA, the defendant must qualify as a "debt collector." [*Id.*] *See also*, *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (explaining that for the FDCPA to apply, the defendant must qualify as a debt collector). The FDCPA defines a debt collector as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another**.
>
> 15 U.S.C. § 1692a(6) (emphasis added).

3

The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Dixon acknowledges in his complaint that FMCC is the creditor for the debt at issue stating that he entered a promissory note with FMCC that serves as the basis for his claim. [DE 1 at ¶ 11]. The FDCPA explicitly excludes creditors from the definition of "debt collector." When defining "debt collector" the FDCPA states "[t]he term does not include -- any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Courts have routinely dismissed claims brought under the FDCPA against creditors who extend credit and attempt to collect the unpaid debt. *See e.g.*, *Typpi v. PNC Bank, Nat'l Ass'n*, 2014 WL 296035, at *4 (N.D. Ill. Jan. 27, 2014); *Adeniji v. Wells Fargo Bank, N.A.*, 2014 WL 117105, at *2 (N.D. Ill. Jan. 13, 2014); *Duensing v. Citibank (S. Dakota) N.A.*, 2012 WL 3108878, at *6 (N.D. Ind. July 31, 2012). In this instance it is clear to me that Dixon cannot state a claim against FMCC under the FDCPA because FMCC is a creditor and does not qualify as a debt collector.

Mr. Dixon has failed to file a response to FMCC's Motion for Judgment on the Pleadings despite the Court providing him a reminder to do so during the telephonic hearing held on June 13th. [*See* DE 23]. I'll note that Mr. Dixon is proceeding in this case pro se and should have another bite at the apple to articulate an actionable claim. Here, Dixon's complaint should be dismissed without prejudice. *See e.g.*, *Rogers v. Amalgamated Transit Union Loc. 682*, 2017 WL 4539922, at *6 (N.D. Ind. Oct. 11, 2017) (explaining that ordinarily a court's dismissal of a complaint for failure to state a claim

4

is without prejudice, which allows a plaintiff, especially those proceeding pro se, an opportunity to amend the complaint to correct deficiencies); *Marentette v. City of Canandaigua*, 351 F. Supp. 3d 410, 435 (W.D.N.Y. 2019) (explaining that, generally, a motion for judgment on the pleadings is without prejudice to the filing of an amended complaint).

**ACCORDINGLY**:

Defendant Ford Motor Credit Company's Motion for Judgment on the Pleadings. [DE 15] is **GRANTED**. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: July 8, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT